IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **KEITH BOX, #518342,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 3:15-cv-00501-SMY |
| | ) | |
| **M. DUNCAN, and** | ) | |
| **WALTER FRISON,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Keith Box is currently incarcerated at the Jefferson City Correctional Center in Jefferson City, Missouri.  (Doc. 1 at 1.)  Proceeding *pro se*, Box has filed a Complaint under 42 U.S.C. § 1983 against Walter Frison, his prison caseworker, and Mindy Duncan, the Deputy Clerk of this Court's Benton division.  (*Id.* at 1.)  Box has also filed a motion to pay the court's filing fee in installments.  (Doc. 3)  This motion is now before the Court.

Federal statute gives indigent prisoners the privilege of proceeding with a lawsuit without paying the full filing fee up front.  *See* 28 U.S.C. § 1915(a).  This privilege is withdrawn from prisoners who have a history of frivolous litigation.  In 1996, the Prison Litigation Reform Act adjusted the pauper statute to require "prisoners to prepay the filing and docketing fees of most future suits" if they have had three or more prior federal actions dismissed as frivolous.  *Lewis v. Sullivan*, 279 F.3d 526, 527 (7th Cir. 2002).  There is an exception for cases where the prisoner is "under imminent danger of serious physical injury"; in those limited circumstances, a prisoner may proceed with his case without paying the full fee, regardless of his litigation history.  *See* 28 U.S.C. § 1915(g); *see also Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)

(prisoner's frequent filer status meant he had to pay the fee "unless he meets the 'imminent danger' exception"). Box has a history of filing frivolous litigation – *Box v. Nixon*, No. 4:15-cv-0021, 2015 WL 1935837, at *2 (E.D. Mo. Apr. 28, 2015), details his previous dismissals – and can proceed here without prepaying only if he is at risk of an imminent physical injury.

The Court measures risk of injury by looking at Box's Complaint. While the Complaint is at best a mess, it seems to be based upon an alleged long-running plan by Missouri and Illinois officials to murder Box and 315 women that Box says are his "girlfriends/children's mothers." (Doc. 1 at 4.) Box's belles include pop music sensation Beyoncé Knowles, Oscar-winning actress Halle Berry, television personality Tyra Banks, and NASCAR racer Danica Patrick. (Doc. 1-2 at 7-8.) Proving that chivalry isn't dead, Box wrote a letter to this Court sometime in 2015 asking the Court to issue subpoenas to these women, ostensibly to warn them of the risk of harm. (Doc. 1 at 5-6.) On April 21, 2015, Duncan sent Box a letter returning his submissions and informing him that his subpoenas could not be issued because he did not have an open case in this Court. (*Id.*) Frison then opened the letter before delivering it to Box. (*Id.*) Box's theory is that Duncan's transmission of the letter and Frison's search of it have now given state officials the identities of Box's girlfriends – information they will use to execute their murderous plot. (*See id.*)

Nothing in the Complaint suggests a *credible* risk of imminent harm to Box. Section 1915(g) speaks of a risk of serious harm to the prisoner, not to others, so Box's allegations of possible harm towards his girlfriends will not relieve him of the prepayment requirement. In addition, Duncan's mere transmission of a letter and Frison's search of it are not the type of actions that pose a risk of physical harm to a prisoner. Nevertheless, the Court is confident that Beyoncé is safe.

All that remains is Box's allegation that the release of the letter advanced state officials' plans to murder Box and his girlfriends. While this might suggest some risk of harm, the allegation is utterly fantastic and cannot establish a true risk of injury for § 1915(g) purposes. *See*, *e.g.*, *Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008) ("irrational or wholly incredible" allegations of harm should be rejected); *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003) ("conclusory or ridiculous" claims not credible for purposes of determining a risk of imminent serious harm); *Gibbs v. Cross*, 160 F.3d 962, 967 (3d Cir. 1998) ("clearly baseless," "fantastic" or "delusional" statements of harm should not be credited). Therefore, Box can't proceed with his claim unless he prepays the court fee. Accordingly, he has 30 days to pay the full fee. If he fails to do so, his Complaint will be dismissed without prejudice for failure to follow an order of this Court. *See* FED. R. CIV. P. 41(b) (dismissal of case proper if plaintiff "fails to prosecute or comply with [the federal] rules or a court order); *Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir. 1997) (ignorance of a court order can warrant dismissal of a case).

There is one final matter to address. Box has filed a motion with the Court seeking to add several defendants to his case – including judges of the United States District Court of the Eastern District of Missouri and former NBA basketball player Michael Jordan – along with allegations that these parties were involved in the conspiracy to kill Box and his many consorts. (Doc. 5.) This piecemeal method of adding defendants and allegations is improper. A plaintiff can add defendants and allegations to an existing case only by filing a complete amended complaint, which will supersede all previous complaints. FED R. CIV. P. 3; *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999). Box's motion to add contains the same fantastic and ridiculous allegations of a plot to kill Box and his various girlfriends as outlined above. Those allegations do not establish a credible risk of imminent serious injury under § 1915(g).

Accordingly, the motion to add will be denied without prejudice. Box can file an amended complaint if he wishes under Federal Rule of Civil Procedure 15, but that complaint must stand alone. Either way, he must still prepay the full filing fee to proceed with this action.

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 3) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to add defendants (Doc. 5) is **DENIED**. Plaintiff is free to file an amended complaint if he wishes. If he decides to file an amended complaint, Plaintiff is warned that the amended complaint must stand on its own, without reference to any other pleadings in this case or elsewhere. Should the amended complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits or memoranda he wishes the Court to consider along with the amended complaint.

**IT IS FURTHER ORDERED** that, regardless of whether Plaintiff elects to file an amended complaint or proceed with his initial complaint, Plaintiff shall pay the full filing fee of $400.00 for this action within **twenty-one days** of the date of entry of this Order (**on or before June 12, 2015**). If Plaintiff fails to comply with this Order in the time allotted, this case will be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

**DATED: May 22, 2015**

        **s/ STACI M. YANDLE**
        **Judge Staci M. Yandle**
        **United States District Judge**